

citibank®
Citibank, N.A.

923969468

16-2958
1220

FC# 00395 FA# 001           $0.00 ONL                    DATE 0 3 / 2 3 / 0 7
041-02  Ck. Ser.#    923969468      * * * 5 4 2 , 5 6 2 . 3 1 * * *

PAY  ****FIVE HUNDRED FORTY-TWO THOUSAND FIVE HUNDRED SIXTY-TWO
     AND 31/100 DOLLARS****

TO
THE   ****Clerk of the Court, United States District
ORDER
OF    Court, District of Columbia****

NAME OF REMITTER
ADDRESS       Daniel Fongnien Chiang, Case No.                              DRAWER: Citibank, N.A.
              07-Cv-00285-RCL Daniel Fongnien Chiang, et.al By
Issued by Integrated Payment Systems Inc., Englewood, Colorado
To Citibank, N.A., Los Angeles, CA                              AUTHORIZED SIGNATURE

⑈"005001⑈" ⑆122029587⑆: 6800923969468⑈"

07-285 (RCL)

**RECEIVED**

MAR 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

```
Court Name: District of Columbia
Division: 1
Receipt Number: 4616053190
Cashier ID: lwebb
Transaction Date: 03/27/2007
Payer Name: Sec vs Daniel Fongnien Chian
g
------------------------------------
TREASURY REGISTRY
 For: Sec vs Daniel Fongnien Chiang
 Case/Party: D-DCX-1-07-CV-000285-001
 Amount:       $542,562.31
------------------------------------
CHECK
 Check/Money Order Num: 923969468
 Amt Tendered: $542,562.31
------------------------------------
Total Due:     $542,562.31
Total Tendered: $542,562.31
Change Amt:    $0.00


Only when the bank clears the
check, money order, or verifies
credit of funds, is the fee or debt
officially paid or discharged.  A
$45 fee will be charged for a
returned check.
```

# JONES DAY

555 SOUTH FLOWER STREET • FIFTIETH FLOOR • LOS ANGELES, CALIFORNIA 90071
TELEPHONE: 213-489-3939 • FACSIMILE: 213-243-2539

Direct Number: (213) 243-2319
hleva@jonesday.com

2856688v1
332441-600001

March 23, 2007

**VIA FEDERAL EXPRESS**

Clerk of the Court
United States District Court, District of Columbia
333 Constitution Ave. NW
Washington, DC 20001

                      Re:    <u>Securities and Exchange Commission v. Daniel Fongnien Chiang, et al., Case No. 07-CV-00285-RCL</u>

Dear Sir or Madam

    Enclosed please find Citibank check number 923969468 in the amount of $542,562.31, payable to the Clerk of the Court, United States District Court, District of Columbia.

    This payment is made on behalf of the defendant, Daniel Fongnien Chiang, in the above-referenced action which is pending in the United States District Court for the District of Columbia. The enclosed payment is comprised of disgorgement in the amount of $257,833.07, prejudgment interest thereon in the amount of $26,896.17, and a civil penalty in the amount of $257,833.07. This payment is made pursuant to the Final Judgment.

                                    Very truly yours,

                                    JONES DAY

                                    Harriet Beegun Leva

Enclosure

cc:    Carolyn Winters, Esq.
        James Sanders, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RECEIVED
FINANCIAL DIVISION
MAR 2 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DANIEL FONGNIEN CHIANG, and EVA YI-FEN CHEN, PA21159

Defendants.

Civil Action No. 07 0285

FILED
MAR - 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**FINAL JUDGMENT AS TO DEFENDANT DANIEL FONGNIEN CHIANG**

The Securities and Exchange Commission having filed a Complaint and Defendant Daniel Fongnien Chiang having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for five (5) years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $257,833.07, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $26,896.17, and a civil penalty in the amount of $257,833.07 pursuant to Section 21A of the Exchange Act [15 U.S.C. §78u(d)(3)]. Defendant shall satisfy this obligation by paying

$542,562.31 within ten business days to the Clerk of this Court, together with a cover letter identifying Daniel Fongnien Chiang as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all

3

tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: March 6, 2007

_____
UNITED STATES DISTRICT JUDGE